IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

METAPHYZIC EL-ELECTROMAGNETIC
SUPREME-EL,
    Petitioner,

v.                                              Civil No. 3:24cv690 (DJN)

NORFOLK CIRCUIT COURT,
    Respondent.

## MEMORANDUM OPINION

Metaphyzic El-Electromagnetic Supreme-El, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed a submission that he calls "In the Nature of Writ of Mandamus Pursuant to, but not Limited to, the All Writs Act, 28 U.S.C. 1651" ("Petition," ECF No. 1).[1] This matter comes before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.    PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines that the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard constitutes the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

---

[1] The Court employs the pagination assigned to Supreme-El's Petition by the CM/ECF docketing system. The Court corrects the spelling, capitalization, punctuation and omits emphasis in quotations from Supreme-El's Petition.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). For a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege

facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF PETITION AND PROCEDURAL HISTORY

In his Petition, Supreme-El states, in part:[2]

> In October of 2023, the Claimant . . . Supreme-El, who is currently incarcerated at Deerfield Correctional Center in Capron, Virginia, contacted the Norfolk Circuit Court by three-way phone call and spoke with a clerk about the fee amount for obtaining copies of oaths office and bond information of certain local officials.
> The Claimant was given the information about the fee amount by the clerk over the phone and was informed that the information was available at the Norfolk Circuit Court, but it had to be searched for and located which was a $2.00 (two dollar) fee for each search and additional 0.25¢ (twenty-five cent) fees for locating the documents.
> On November 8, 2023, the Claimant submitted a FOIA (Freedom of Information Act) request with a $20.00 money order to the Norfolk Circuit Court, requesting the same information that he spoke with the clerk about over the phone.
> On December 14, 2023, the Claimant received an unauthorized correspondence form from the mailroom at Deerfield Correctional Center for mail that was sent to him from the Norfolk Circuit Court, because it was not mailed to the Central Mail Distribution Center in State Farm, Virginia.
> The Claimant immediately wrote to the Norfolk Circuit Court and explained to the court that all legal mail must be forwarded to the Central Mail Distribution Center. The Claimant provided the address and requested that the legal mail be resubmitted to the proper address so that the Claimant can receive it.

---

[2] Supreme-El has claimed to be a "free sovereign Moorish-American National, . . . a member of the Amurican (Moorish) Nation Permanent Mission; a diplomatic agent . . . ; a member of the Autochthon Yamassee Native American Muurish Government; a foreign government irrespective of recognition by the United States." *Supreme-El v. Commonwealth of Virginia*, No. 3:14CV55, 2015 WL 6471182, at *1 (E.D. Va. Oct. 26, 2015) (citation omitted).

(ECF No. 1, at 2–3 (paragraph numbers and citations omitted).) From December 2023 until May 2024, Supreme-El contacted the clerk's office many times to attempt to have these documents re-mailed to him. (*Id.* at 3–4.) Finally,

> On May 15, 2024, the Claimant submitted an Affidavit and Opportunity to Cure Fault, stating the Norfolk Circuit Court was in violation of the Claimant's constitutional rights and had (10) days to correct its fault or the Claimant would file a Writ of Mandamus to compel the Norfolk Circuit Court to provide the requested information or to reimburse the Claimant's funds.
> No response was given to the Claimant's Affidavit of Fact or Opportunity to Cure.
> The Claimant proceeded to file a Writ of Mandamus after the Norfolk Circuit Court failed to respond.

(*Id.* at 4–5 (paragraph numbers and citations omitted).) Supreme-El demands "the legal and lawful entitlement to a writ of mandamus as an 'adequate remedy' to retrieve the mail and/or funds that belong to him with no other alternative available." (*Id.* at 7.)

### III.   ANALYSIS

It appears that Supreme-El seeks an order from this Court directing the Norfolk Circuit Court to provide him with "copies of oaths office and bond information of certain local officials" (ECF No. 1, at 2), or to provide him with a refund. Supreme-El fails to identify the procedural vehicle that would authorize the action he seeks. Nevertheless, this Court lacks jurisdiction to grant mandamus relief against state officials or state courts. *See In re Gurley*, 247 F. App'x 437, 438 (4th Cir. 2007) (citing *Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969)); *Islam v. Va. Supreme Court*, No. 3:07CV418, 2007 WL 3377884, at *1 (E.D. Va. Nov. 13, 2007) (citation omitted).[3] Accordingly, Supreme-El's Petition (ECF No. 1) will be DISMISSED for failure to state a claim and as legally frivolous.

---

[3]   To the extent that Supreme-El suggests that he has been denied access to the courts (ECF No. 1, at 6), to plead such a claim, a plaintiff must identify with specificity a non-frivolous legal claim that the defendants' actions prevented him from litigating. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 353 n.3 (1996). Supreme-El sought

4

## IV. CONCLUSION

Supreme-El's Petition (ECF No. 1) will be DISMISSED for failure to state a claim and as legally frivolous. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Supreme-El.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Date: October 25, 2024

---

information about local officials' oaths of office and bond information. Supreme-El clearly has not alleged a nonfrivolous legal claim that the Norfolk Circuit Court has prevented him from litigating.